José Rafael Cobián y Otros, demandantes y recurridos, *v.* Ashford Travel, Inc. y Otros, demandados y recurrentes.

*Número:* R-75-122     *Resuelto:* 10 de septiembre de 1975

*Juan M. Ponce Fantauzzi,* abogado de los recurrentes; *José Rafael Cobián Sandín, José A. Rivera Mercado* y *Santos Marrero Arzuaga,* abogados de los recurridos.

PER CURIAM: Se trata de una demora indebida que raya en negligencia del abogado de la demandada en el trámite inicial de un litigio. En 30 de julio de 1974 la parte demandante notificó unos interrogatorios a la demandada. La demandada oportunamente solicitó una prórroga para contestarlo que le fue concedida. Vencido el término prorrogado la demandante solicitó sanciones. El tribunal de instancia concedió un término a la demandada apercibiéndole de sanciones. Al no contestar, volvió el demandante a solicitar sanciones contra la demandada. El tribunal ordenó la eliminación de las alegaciones. La demandada no se opuso. Luego el demandante solicitó que se anotara la rebeldía de la demandada a lo que accedió el tribunal y procedió a señalar la vista del caso. Se celebró la vista en sus méritos sin la comparecencia de la demandada. El tribunal oyó la prueba del demandante y condenó a la demandada al pago de $2,000 por los daños y perjuicios ocasionados a la demandante con motivo de los hechos que motivaron la demanda y le impuso $500 de honorarios de abogado.

El abogado de la demandada se enteró varios días después del resultado del juicio en rebeldía. Compareció al tribunal solicitando un término para investigar el porqué no surgía de su expediente todo el trámite que hemos relatado preceden-

temente. A los varios días presentó una moción el abogado de la demandada en la que explicaba que ninguno de los referidos escritos, órdenes y mociones habían llegado a su conocimiento, y aceptaba que su personal de oficina había sido negligente en ello. Solicitaba en su consecuencia que se dejara sin efecto la sentencia en rebeldía. Presentó conjuntamente la contestación a los interrogatorios que motivaron la odisea explicada, alegando que los mismos fueron contestados por su cliente en tiempo pero que nunca fue llamado éste para su juramentación.

El tribunal señaló una vista para discutir la moción explicativa del abogado de la parte demandada. El día de la vista dicho abogado le informó a la Secretaria del tribunal que estaría en otra sala atendiendo otro caso y que allí podía ser localizado. Aparece de los autos que el juez dejó el caso para el último turno y que llegado el momento envió por el abogado de la demandada quien no fue encontrado. Al terminar la sesión el abogado compareció y le explicó al juez que no fue localizado por encontrarse reunido en cámara con el juez de la otra sala. El tribunal, sin embargo, dictó una resolución en la que aceptaba la justificación de la ausencia del abogado envuelto pero declaró sin lugar la solicitud para dejar sin efecto la vista en rebeldía.

El abogado de la demandada recurre ante nos, y al aceptar su conducta negligente solicita que se impongan las sanciones que fueren procedentes contra él y no contra su representada.

Dictamos una orden dirigida a la demandante-recurrida para mostrar causa por la cual no debía expedirse el auto solicitado y dejar sin efecto la sentencia en rebeldía dictada por el Tribunal Superior, Sala de San Juan, de 14 de marzo de 1975 sujeto a que el abogado de la parte demandada satisficiera a la parte demandante la suma de $500.

▬ Hemos examinado el escrito sometido por la demandante en el que discute ampliamente la negligencia en que incurrió el abogado de la parte demandada. Concurrimos con

lo expresado en dicho escrito en cuanto a la negligencia injustificada del abogado de la demandada quien debe asumir las consecuencias de la negligencia de sus empleados, y por ello le condenamos al pago de la suma de $500.00 [1] para compensar a la parte demandante por cualesquiera gastos de honorarios de abogado en que tuvo que incurrir para comparecer al tribunal como resultado de la situación creada por el abogado de la demandada. La parte demandada no debe ser castigada en esas circunstancias. Su abogado debe sufrir las consecuencias.

*Se expedirá el auto solicitado y se dejará sin efecto la sentencia en rebeldía dictada por el Tribunal Superior, Sala de San Juan, en 14 de marzo de 1975.*

---

[1] Hemos quedado informados por Moción Informativa presentada por el abogado de la parte demandada que ha dado cumplimiento a nuestra resolución depositando la suma de $500 en la Secretaría del Tribunal Superior, Sala de San Juan.